**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HECTOR FELIPE GUERRA MARTIN,<br>Petitioner,<br>v.<br>JASON BENZEL, *et al.*,<br>Respondents. | Case No. 26-cv-9732 (BRM)<br><br>**MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Petitioner Hector Felipe Guerra Martin's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, arguing that he is unlawfully detained under 8 U.S.C. § 1225(b). (ECF No. 1.) On July 13, 2026, Respondents filed an answer, arguing is lawfully detained under 8 U.S.C. § 1229c, as he requested and has been granted voluntary departure from the United States. (ECF Nos, 6, 8.)

Petitioner, a citizen of Guatemala, entered the United States without inspection around 2007. (ECF No. 1 at 5; ECF No. 6 at 1.) On July 28, 2026, Immigration and Customs Enforcement ("ICE") officers arrested and detained Petitioner. (*Id.* at 5.) On July 29, 2026, Petitioner signed a voluntary departure and verification of departure form, in which the Department of Homeland Security ("DHS") granted Petitioner voluntary departed to before on or before September 29, 2026, at the Government's expense. (*See* ECF No. 8-3 at 3.) Petitioner also signed an addendum to his voluntary departure form, in which Petitioner agreed to remain detained pending departure and agreed that if he fails to comply with the voluntary departure, Petitioner's agrees that a final order of removal will be issued. (*Id.* at 5.)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

In his Petition, Petitioner seeks to challenge his detention pursuant to 8 U.S.C. § 1225(b). (ECF No. 1.) However, following DHS's grant of voluntary departure, Petitioner is no longer detained under § 1225(b). Petitioner agreed to remain detained pending departure and is now subject to detention pursuant to 8 U.S.C. § 1229c.

In his reply to Respondents' answer, Petitioner argues that his departure agreement was not knowing and voluntary.[1] (*See* ECF No. 9.) Petitioner argues that a grant of voluntary departure does not require detention pending departure. (*See id.*) However, as noted above, in the addendum to the grant of voluntary departure, Petitioner agreed to detention pending his departure. (*See* ECF No. 8-3 at 5.) Finally, Petitioner seeks to withdraw his departure agreement by way of his habeas Petition. (*See id.*)

The Court lacks jurisdiction to review a challenge to a grant of voluntary departure in a habeas petition. Section § 1252(a)(2)(B) provides in relevant part that "no court shall have jurisdiction to review "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii). This would include the decision to permit voluntary departure. *See*, *e.g.*, *Eras Zumba v. Blanche*, No. 26-8192, 2026 WL 2321611 at * 1 (D.N.J. Aug. 11, 2026) (finding the Court lacked jurisdiction to review petitioner's voluntary departure agreement). Accordingly, the Court lacks jurisdiction to review Petitioner's challenge to his voluntary departure agreement.[2]

Accordingly, and for good cause appearing,

**IT IS** on this 8th day of September 2026,

---

[1] Petitioner also argues that his "Declaration of Rights" contains inconsistencies. (ECF No. 9 at 3.) Petitioner argues that the Declaration indicates that Petitioner was detained at approximately 5:30 p.m. on July 29, 2026 and signed the departure agreement at 1:00 a.m. on July 29, 2026. (Id.) This submission is inaccurate. The Declaration reads that Petitioner was detained at approximately 5:30 p.m. on *July 28, 2026* and signed the departure agreement at 1:00 a.m. on July 29, 2026. (*See* ECF No. 8-3 at 6.)

[2] Petitioner submits that he is withdrawing his voluntary departure agreement. (ECF No. 9 at 5-6.) However, Petitioner cannot withdraw of voluntary departure by way of his habeas petition. A request to withdraw his voluntary departure grant would be raised with the immigration court.

**ORDERED** that the Petition (ECF No. 1) is **DENIED without prejudice**; it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**